UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
DENNIS POINTER,                          :    CASE NO. 1:14-cv-2012
:
        Plaintiff,            :
:
vs.                                      :    OPINION & ORDER
                               :    [Resolving Docs. 3, 7, 8, 10, 12, 19]
VICTOR McARTHUR, *et al.*,               :
:
        Defendants.           :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    Pro se prisoner Dennis Pointer brings two 42 U.S.C. § 1983 claims against Victor McArthur, Associate Warden of the Cuyahoga County Jail, and an unknown jail employee captioned as John Doe.[1] Defendants move to dismiss Pointer's complaint in full.[2] For the following reasons, the Court **GRANTS** Defendants' motion to dismiss.

    Pointer has filed several frivolous motions objecting to removal of the case,[3] requesting an injunction against individuals that are not parties to the case,[4] and seeking to strike portions of Defendants' filings.[5] These motions are **DENIED**.

## I. Background

    From January 15, 2014, to August 1, 2014, Dennis Pointer was housed in the Cuyahoga County Jail while undergoing a sexual predator classification hearing. He alleges that the

---

[1] Doc. 1.
[2] Doc. 7.
[3] Doc. 3, Doc. 8.
[4] Doc. 10, Doc. 19.
[5] Doc. 12.

Case No. 1:14-cv-2012
Gwin, J.

Defendants prevented him from working on several lawsuits and denied him adequate recreation during his time at the jail.[6]

Specifically, Pointer alleges that he was denied access to a computer and thus could not work on three cases. The first was *Pointer v. Ohio State, et al.*, filed in the Franklin County Common Pleas Court.[7] The case had been dismissed without prejudice in September 2013, four months before Pointer was transferred to the Cuyahoga County Jail.[8] Pointer alleges that he could not work on an appeal of this dismissal.[9]

The second case was *Pointer v. Russo*, in which Pointer sought a writ of habeas corpus.[10] The Eighth District Court of Appeals dismissed the petition as procedurally deficient, further noting that "even if these procedural requirements could be waived, the petition is still fatally defective and is without merit."[11] Pointer alleges that he was unable to work on an appeal of the dismissal. The dismissal was entered on July 23, 2014, shortly before Pointer left the Cuyahoga County Jail.

Third, Pointer alleges that he was unable to respond to a motion for summary judgment in another case captioned *Pointer v. Russo*, in which Pointer sought a writ of procedendo ordering a trial judge to rule on certain motions that Pointer had filed.[12] On August 23, 2014, the Eighth District Court of Appeals dismissed the case as moot, as docket entries showed that the trial court had

---

[6] Doc. 1 at 2.
[7] *See* Doc. 7-1.
[8] Doc. 1 at 2.
[9] *Id*.
[10] No. 101548, 2014 WL 3700605, at *1 (Ohio Ct. App. July 23, 2014).
[11] *Id*.
[12] No. 101550, 2014 WL 4160227, at *1 (Ohio Ct. App. Aug. 19, 2014).

Case No. 1:14-cv-2012
Gwin, J.

already ruled on the motions in question.[13]

Further, Pointer alleges that he was entitled to one hour of recreation five times per week, whereas he only received recreation once a week.[14] Pointer seeks seventy five thousand dollars in damages.

## II. Standards

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[15] The plausibility requirement is not "akin to a probability requirement," but requires "more than a sheer possibility that the defendant has acted unlawfully."[16]

Federal Rule of Civil Procedure 8 provides the general standard of pleading and only requires that a complaint "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."[17] "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."[18] In deciding a motion to dismiss under Rule 12(b)(6), "a court should assume the[] veracity" of "well-pleaded factual allegations."[19]

## III. Analysis

While Pointer's complaint does not cite a statutory theory for recovery, he appears to make a claim under 42 U.S.C. § 1983 for violation of his constitutional rights under color of state law. His

---

[13] *Id.*
[14] Doc 1; Doc 3-1.
[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[16] *Id.*
[17] Fed. R. Civ. P. 8(a)(2).
[18] *Iqbal,* 556 U.S. at 678-79 (citations omitted).
[19] *Id.*

Case No. 1:14-cv-2012
Gwin, J.

first allegation is denial of access to courts. His second allegation appears to be a claim under the Eight Amendment based on the conditions of his incarceration.

### A. Denial of Access to Courts

"To state a claim for denial of meaningful access to the courts, however, plaintiffs must plead and prove prejudice stemming from the asserted violation. Plaintiffs must demonstrate, for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim."[20] "In other words, [a plaintiff] must demonstrate actual injury by showing that his underlying claim was non-frivolous. . . . A plaintiff need not demonstrate that the underlying claim would have been successful; instead, deprivation of an arguable (though not yet established) claim is sufficient."[21]

The first case Pointer mentions, *Pointer v. Ohio State, et al.*, was dismissed four months before Pointer arrived at the Cuyahoga County Jail. Pointer alleges that he could not work on an appeal of this case. But pursuant to the Ohio Rules of Appellate Procedure, Pointer had thirty days from the entry of final judgment to appeal the dismissal.[22] His deadline to appeal was October 17, 2013, well before he arrived at the Cuyahoga County Jail.[23] Pointer thus cannot show that his inability to work on this appeal worked to his actual prejudice.

In the second case, Pointer sought a writ of habeas corpus to challenge the state's authority to force him to undergo a sexual predator classification hearing. The Court of Appeals dismissed the

---

[20] *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Lewis v. Casey*, 518 U.S. 343 (1996)).

[21] *Brown v. Matauszak*, 415 F. App'x 608, 612 (6th Cir. 2011) (citing *Lewis*, 518 U.S. at 351, 353 n.3 (1996)) (internal quotation marks omitted).

[22] Ohio R. App. Proc. 4(A)(1).

[23] *See* Doc. 7-1. During Pointer's stay at the Cuyahoga County Jail, he filed numerous motions in the case despite the fact that it had already been dismissed.

-4-

Case No. 1:14-cv-2012
Gwin, J.

petition as procedurally deficient, and also concluded that the underlying claim was without merit.[24] Pointer's time to appeal this dismissal had not yet run when he left the Cuyahoga County Jail. More importantly, Pointer's underlying claim was not arguably meritorious and had no chance of success. Pointer thus cannot show actual prejudice based on his inability to work on the claim.

The final case Pointer mentions suffers from the same defects. Pointer alleges he was unable to respond to a motion for summary judgment in a case in which Pointer sought a writ of procedendo. The case was dismissed as moot after Pointer left Cuyahoga County Jail because the trial judge ruled on the motions in question.[25] Pointer received the relief which he sought, and thus cannot show actual injury because of his inability to respond to summary judgment.

Thus, Pointer cannot demonstrate that he suffered an actual injury due to his alleged inability to work on these underlying claims. Therefore, the Court **GRANTS** Defendants' motion to dismiss Pointer's claim for denial of access to courts.

### B. Denial of Recreation

Pointer's second claim is that he did not receive adequate recreation during his time at the Cuyahoga County Jail. The claim appears to be made under the Eighth Amendment. The standard for such a claim is particularly high: "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment."[26] Only "a total or near-total deprivation of exercise or recreational opportunity, without penological

---

[24] *Pointer v. Russo*, No. 101548, 2014 WL 3700605, at *1 (Ohio Ct. App. July 23, 2014) ("[H]abeas corpus relief is not available where there are other adequate legal remedies available. In this case, an appeal will afford Pointer an adequate remedy at law to challenge the authority of the trial court to conduct a sexual classification hearing.")

[25] *Pointer v. Russo*, No. 101550, 2014 WL 4160227, at *1 (Ohio Ct. App. Aug. 19, 2014).

[26] *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

Case No. 1:14-cv-2012
Gwin, J.

justification, violates Eighth Amendment guarantees."[27] For example, the Sixth Circuit has held that a total denial of out of cell exercise for forty-six days, without penological justification, created a genuine issue of material fact as to whether an Eight Amendment violation had occurred.[28]

Pointer's allegations, even if accepted as true, do not state a plausible claim for relief. Pointer has been convicted of murder and was kept in a high security unit of the Cuyahoga County Jail.[29] Pointer concedes that he had weekly out of cell recreation: he argues that he was entitled to such recreation five times a week, rather than just once. Recreation offered once a week does not constitute total or near-total deprivation of exercise. Therefore, the Court **GRANTS** Defendants' motion to dismiss Pointer's claim for inadequate recreation.

### C. Other Motions

Pointer has filed a series of other motions in this case. Two motions pertain to removal of the matter from state court,[27] and another motion seeks to strike Defendants' briefing regarding removal.[28] Removal of the case was proper, as this Court has jurisdiction over cases under 42 U.S.C. § 1983. Pointer's arguments against removal are nonsensical and frivolous.

Further, Pointer moves for an injunction seeking orthopedic footwear and other relief from the Ross Correctional Facility in Chillicothe, Ohio, where Pointer is currently incarcerated.[29] The Ross Correctional Facility is not a party to this case, as no representative of the facility has been served by Pointer. Pointer's complaint names representatives of the Cuyahoga County Jail: the Court

---

[27] *Patterson v. Mintzes*, 717 F.2d 284, 289 (6th Cir. 1983).
[28] *Id*.
[29] Doc. 7 at 16.
[27] Doc. 3, Doc. 8.
[28] Doc. 12.
[29] Doc. 10, Doc. 19.

Case No. 1:14-cv-2012
Gwin, J.

cannot issue an injunction to a non-party located outside the Northern District of Ohio. Thus, all of Pointer's outstanding motions the case are **DENIED**.

### IV. Conclusion

The Court **GRANTS** Defendants' motion to dismiss Pointer's complaint full.  Pointer's other motions in this case are **DENIED**.

IT IS SO ORDERED.

Dated: March 18, 2015                                    s/         *James S. Gwin*
                                                                            JAMES S. GWIN
                                                                            UNITED STATES DISTRICT JUDGE